## Case No. 13,870.

### THAYER v. MONTGOMERY COUNTY.

[3 Dill. 389; [1] 1 Cent. Law J. 365.]

Circuit Court, D. Kansas. June Term, 1874. [2]

RAILROAD COMPANIES — COUNTY AID — BONDS—POWER TO ISSUE COUPONS—MODE OF SIGN-ING—SUFFICIENCY OF DECLARATION.

1. If the bonds to which coupons are annexed are properly signed and sealed by the officers of the county, it is no defence to an action on the coupons that they are signed by only one of the county officers.

[Cited in Donaldson v. Butler Co. (Mo. Sup.) 11 S. W. 572.]

2. A declaration upon county bonds should show by averment, or by recital in the bonds made part thereof, that the bonds were issued for some authorized purpose or object. This principle applied, and the declaration *held* sufficient.

3. Bridge bonds—construction of local statute respecting; Kansas municipal bond registration act construed; Kansas municipal bond curative act construed; election and conditions precedent to issue of bonds—see cases in note.

Action [by Nathaniel Thayer against Montgomery county] on coupons on county bonds. The bonds in suit are in the usual form, signed by the chairman of the board of county commissioners, attested by the clerk, and are under the seal of the county. They are payable to the "Leavenworth, Lawrence & Galveston Railroad Company, or bearer," and contain the following recital: "This bond is executed and issued under the provisions of and in conformity to the laws of the state of Kansas, and in pursuance of the vote of a majority of the electors of Montgomery county, of June 21, 1870." The petition set out the bonds and coupons in suit in full, but did not contain any express averment of the

purpose for which the county issued the bonds, and such purpose did not appear otherwise than on the face of the bonds. The coupons were signed only by the county clerk. Demurrer to petition on three grounds: (1) That the county clerk had no authority to sign coupons. (2) That it does not appear that the vote was by the qualified electors of the county. (3) That the authority or power of the county to issue the bonds in suit is not averred, and does not appear on the face of the bonds.

N. T. Stevens, for plaintiff.
Clark, Gamble & Shannon, for the county.

MILLER, Circuit Justice (orally), overruling the demurrer, said, in substance:

1. As to the first ground of demurrer. The bond itself being duly signed and sealed by the proper officers of the county, and the coupons being part of the bond, it is no defence to the coupons that they are not signed by the chairman of the board as well as by the clerk.

2. The omission in the recital of the bond of the word "qualified," in describing the electors is immaterial. The electors are the qualified electors.

3. The third ground of demurrer presents to my mind a more serious question. It is that an authorized, lawful purpose for which the bonds were issued should be alleged in the declaration or be recited in the bonds, which are made part thereof. This, I think, is a sound proposition. The power of counties to issue bonds is not inherent or general. They are authorized to issue bonds or negotiable paper, only for limited or specific objects or purposes, and hence it should appear by averment in the petition or by recital in the bonds that they were issued for one of these specified purposes.

I should have preferred that the petition here should have alleged that the bonds in suit were issued by the county in payment for stock subscribed by it in the railroad company, but I must pass upon the sufficiency of the petition as it stands. The petition sets out the bonds in full, and although my conviction is not strong and clear, yet, taking a somewhat liberal view of the bonds, I think it can be gathered from them that they were issued under the statute of the state, by the county, to aid the corporation payee in the construction of its road. In this view, I incline to hold, though with some hesitation, that the petition is good.

Judgment accordingly.

[On error, a judgment for plaintiff was affirmed by the supreme court. 94 U. S. 631.]

NOTE. The opinion of Mr. Justice Miller in the above case, asserts a doctrine of general interest, and holds that there is no presumption in favor of the power to issue such securities, and that to constitute a good declaration it must appear on the face thereof, or by recital in the bonds made part thereof, that the bonds were issued for some authorized purpose or object. The importance of this principle is manifest, for

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 94 U. S. 631.]

if bonds issued by counties contain no recital, it would seem to follow that there would be no presumption in favor of their validity, and it would devolve on the holder, though he were such bona fide, and for value, to aver and show by evidence aliunde, that the bonds were issued for some purpose authorized by statute. This view has much to support it in one of the latest cases on the subject in the supreme court of the United States. Nashville v. Ray, 19 Wall. [86 U. S.] 468. See Kennard v. Cass Co. [Case No. 7,697].

[Appended to the above case, in the original report, were the following cases: Coler v. Wyandot Co., Case No. 2,987; January v. Johnson Co., Id. 7,218; Thayer v. Johnson Co., Id. 13,869.]